OPINION
{¶ 1} Brandon Allen McCandlish was born on September 2, 1991. Mother of the child is Michelle McCandlish; father is appellant, Ernest Grandominico. On April 17, 1992, Ms. McCandlish married appellee, Jeffrey McCandlish. On October 19, 1992, appellee adopted Brandon through the Court of Common Pleas of Fairfield County, Probate Division. On September 5, 2001, the McCandlishes instituted divorce proceedings.
 {¶ 2} On February 19, 2002, appellant filed a motion for relief from judgment seeking to set aside the adoption. By judgment entry filed July 18, 2002, the trial court denied the motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION BY DISMISSING APPELLANT'S CLAIMS UNDER CIVIL RULE 60 WHERE THE PETITION FOR ADOPTION WAS GRANTED WITHOUT NOTICE TO THE NATURAL FATHER."
 II {¶ 5} "THE TRIAL COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL GUARANTEE OF DUE PROCESS OF LAW BY DISMISSING APPELLANT'S CLAIMS UNDER CIVIL RULE 60 WHERE THE PETITION FOR ADOPTION WAS GRANTED WITHOUT NOTICE TO THE NATURAL FATHER."
 I {¶ 6} Appellant claims the trial court erred in denying his motion for relief from judgment pursuant to Civ.R. 60(B). We disagree.
 {¶ 7} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. Appellant based its Civ.R. 60(B) motion on "fraud" and "any other reason justifying relief from the judgment." Civ.R. 60(B)(3) and (5). In GTE Automatic Electric Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 8} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 9} In his motion to set aside the adoption, appellant averred the child's natural mother, Ms. McCandlish, perpetuated a fraud on the Probate Court by claiming she did not know the whereabouts of the child's natural father, appellant, which was contrary to the truth. As a consequence, appellant was not served with notice of the adoption. In the Probate Court records, the identity of the child's natural father is listed as "unknown." See, Report on Proposed Adoption, filed on July 8, 1992. The adoption was approved on October 19, 1992.
 {¶ 10} Appellee argues appellant was aware of the adoption and in 1996/1997, agreed not to contest the adoption in exchange for visitation rights.
 {¶ 11} The only transcript in this case is for a June 24, 2002 "hearing" wherein the trial court entered into the record the unchallenged report of the guardian ad litem. From this report, certain facts emerge. Appellant was aware of the child's birth "two days after the fact"; Ms. McCandlish initiated child support proceedings against appellant "but never saw those to completion"; appellant was aware of the adoption in 1996/1997; Ms. McCandlish and appellee are seeking a divorce; and Mr. McCandlish has "ceased virtually all contact between" appellant and the child. From these facts, the trial court denied the motion for relief from judgment.
 {¶ 12} R.C. 3107.16 sets forth guidelines for when an adoption may be challenged. Generally speaking, the statutory time frame is limited to one year. However, in a case of a stepparent adoption, the time may be expanded if there is a showing of fraud.
 {¶ 13} Clearly, accepting the facts as stated, Ms. McCandlish purposefully failed to provide the Probate Court with appellant's name and address. However, appellant became aware of the fraud some five to six years prior to his attempt to set aside the adoption.
 {¶ 14} The question that remains is whether appellant would have prevailed if he had been named. We answer this in the negative based on the historical framework of the facts sub judice. It is clear in 1996/1997, appellant chose a role as a passive participant in the child's life. He agreed to limit his involvement to visitation only. By passively assenting to this role, we cannot say appellant would have reacted any differently in 1992 when the adoption was granted. He knew he was the child's natural father and was fully aware of the stepparent relationship. Appellant specifically chose the passive role.
 {¶ 15} Based upon these facts, we cannot say the trial court abused its discretion in denying the motion for relief from judgment.
 {¶ 16} Assignment of Error I is denied.
 II {¶ 17} Appellant claims he was denied due process and R.C.3107.16 is unconstitutional.
 {¶ 18} We find appellant failed to challenge the constitutionality of the statute at the trial court level. As stated by the Supreme Court of Ohio in State v. Awan (1986), 22 Ohio St.3d 120, syllabus:
 {¶ 19} "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."
 {¶ 20} Assignment of Error II is denied.
 {¶ 21} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Probate Division is hereby affirmed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.
Topic: Civ.R. 60(B) on adoption.